Per Curiam.

Respondent contends that it is not mandatory that the territory be transferred merely because a petition bearing the signatures of more than 75 per cent of the electors was filed with the county board; that the county board has discretion in transferring or not transferring the territory; and that the superintendent abused his discretion in allowing the transfer. No appeal was taken therefrom. ’
All statutory procedural steps have been complied with.
Section 4831-13, General Code, provides in part:
“If there is filed with a county board of education * * # a petition requesting the transfer of territory from a local school district * * * to an adjoining county school district * * * signed by 75 per cent of the qualified electors residing in the territory which the petition seeks to have transferred * * * such county board of education shall * * * either adopt a resolution transferring the territory as requested by such petition or adopt a resolution objecting to the requested transfer, If the resolution adopted * * # is a resolution objecting to the requested transfer, then the county board of education shall * * * file a copy of the resolution * * * with the Superintendent of Public Instruc *529 tion. * * * the Superintendent of Public Instruction shall either approve or disapprove such proposed transfer of territory and shall submit * * * to the county board * * * notice of his decision. If the decision * * * is an approval of the proposed transfer * * * the county board of education shall * * * adopt a resolution transferring the territory.” (Emphasis added.)
Under the facts of this case, the above-quoted section imposes on the respondent a mandatory duty to adopt a resolution transferring the territory as requested and submit a copy of such resolution to the Board of Education of Union County School District.
A writ of mandamus is allowed.
Writ allowed.•
Weygandt, C. J., Middleton, Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.